AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>McKENZY SAINT-REMY,<br><br>*Defendant(s)* | Case No.<br>19-MJ-8422-DLB |

FILED BY SP D.C.
OCT 17 2019
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of October 15, 2019 in the county of Palm Beach in the Southern District of Florida, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. §1326(a), (b)(2) | Illegal Re-entry After Removal |

This criminal complaint is based on these facts:
See Attached Affidavit in Support of Criminal Complaint

☑ Continued on the attached sheet.

*Complainant's signature*

Cynthia Alcocer, Deportation Officer, DHS/ICE
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 10/17/2019

*Judge's signature*

City and state: West Palm Beach, Florida

Dave Lee Brannon, United States Magistrate Judge
*Printed name and title*

19-MJ-8422-DLB

## UNITED STATES v. McKENZY SAINT REMY
### AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Cynthia Alcocer (the "Affiant"), being duly sworn, depose and state as follows:

1. I am currently a Deportation Officer of the United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) and previously an Immigration Enforcement Agent. I have been employed with ICE since 2008. I am currently assigned to Enforcement and Removal Operations, Criminal Alien Program, Stuart, Florida. As a Deportation Officer with ICE, my duties and responsibilities include enforcing criminal and administrative immigration laws of the United States. I have also conducted and participated in investigations of this nature.

2. This affidavit is based upon my own knowledge as well as information provided to me by other law enforcement officers. This affidavit does not set forth every fact known to me regarding the investigation but only those facts necessary to establish probable cause to believe that McKenzy Saint-Remy (**Saint-Remy**) committed the offense of previously removed alien found in the United States, in violation of Title 8, United States Code, Sections 1326(a)(2), (b)(2).

3. On or about October 15, 2019, **Saint-Remy** was arrested on a state offense in Palm Beach County, Florida. As part of the booking process, **Saint-Remy** was fingerprinted by Palm Beach County Jail booking officials. The fingerprints were electronically submitted to a federal database maintained by the Department of Homeland Security, which triggered a positive match for an alien

previously removed from the United States. An ICE detainer was placed on **Saint-Remy** on October 15, 2019.

4. Your Affiant reviewed the Department of Homeland Security electronic records and documents from the immigration alien file assigned to **Saint-Remy**, AXXX XXX 516. The review revealed that **Saint-Remy** is a native and citizen of Haiti. Records further show that on or about March 5, 2008 **Saint-Remy** was ordered removed from the United States. Records in the alien file show that on or about January 22, 2014, Saint-Remy was removed from the United States to Haiti. In addition, prior to his Order of Removal, **Saint-Remy** was convicted on October 18, 2007 in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, State of Florida of attempted trafficking in cocaine, in violation of Florida State Statute Sections 777.04 and 893.135(1).

5. **Saint-Remy's** fingerprint card from the October 15, 2019 apprehension was entered into the IDENT system, a biometric database maintained by the Department of Homeland Security. Results confirmed that the fingerprints belong to the individual who was previously removed from the United States, that is, McKenzy **Saint-Remy**.

6. A search of the Computer Linked Application Informational Management System (CLAIMS) was performed to determine whether **Saint-Remy** had previously filed an application for permission to reapply for admission into the United States after deportation or removal. No record was found to exist indicating **Saint-Remy** obtained consent from the Attorney General of the United States or

from the Secretary of Homeland Security, for re-admission into the United States as required by law.

7. Based on the foregoing, your affiant avers that there exists probable cause to believe that, on or about October 15, 2019, McKenzy **Saint-Remy**, an alien who has previously been deported and removed from the United States, was found in the United States without having received the express consent from the Attorney General or the Secretary of the Department of Homeland Security for re-admission into the United States, in violation of Title 8, United States Code, Sections 1326(a)(2), (b)(2).

_____
Cynthia Alcocer
Deportation Officer
Immigration and Customs Enforcement

Subscribed and sworn to before me this 17th day of October, 2019.

_____
DAVE LEE BRANNON
UNITED STATES MAGISTRATE JUDGE

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-MJ-8422-DLB

UNITED STATES OF AMERICA

v.

McKENZY SAINT-REMY

Defendant.
_____/

FILED BY _____ D.C.

OCT 17 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia Valle)?    ___ Yes ✓ No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)? ___ Yes ✓ No

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

BY: _____
ROBIN W. WAUGH
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No.   0537837
500 South Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Tel:    561-820-8711
Fax:
Email:   robin.waugh@usdoj.gov