**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.   19-80211-CR-MARRA/Matthewman**

**UNITED STATES OF AMERICA**

vs.

**McKENZY SAINT REMY,**

    **Defendant.**

_____/

**UNITED STATES' MOTION *IN LIMINE* FOR**
**ADMISSION OF A-FILE DOCUMENTS**

The United States of America, by and through the undersigned Assistant United States Attorney, files this motion *in limine* regarding the admissibility of documents contained in the Alien Registration File (A-File) of Defendant McKenzy Saint-Remy.

**Background**

The Defendant is charged in a single count Indictment with Reentry of a Removed Alien, in violation of Title 8, United States Code, Sections 1326(a) and (b). The Indictment arose out of the following events: On October 15, 2019, then Defendant was arrested by the Palm Beach Sheriff's Office and charged with a domestic battery.  As part of the booking process, the Defendant was fingerprinted and his fingerprints were electronically submitted to the Law Enforcement Support Center, which revealed that he had been previously removed from the United States.   Immigration and Customs Enforcement (ICE) was notified of the arrest.

ICE officers obtained a copy of the Defendant's fingerprints and scanned it through the Automated Biometric Identification system and the next Generation Identification system, which resulted in a positive match for an individual, that is, the Defendant, who had been ordered

removed from the United States, subsequent to the 2007 drug trafficking offense, and was removed from the United States.

Review of the Defendant's immigration file revealed that he was born in the Bahamas of Haitian parentage and entered the United States in 1993 as a parolee. The Defendant was granted an adjustment of status and became a legal permanent resident ("LPR") in 2004. On October 18, 2007, the Defendant entered a no contest/*nolo contendere* plea in the Seventeenth Judicial Circuit in Broward County for the offense of Attempted Trafficking in Cocaine. The Defendant's LPR status was revoked and he was ordered removed on March 5, 2008. The Defendant was removed from the United States to Haiti on January 22, 2014, after Bahamian authorities rejected ICE's request for travel documents and receipt of travel documents from Haitian authorities.

A subsequent fingerprint comparison determined that the fingerprints taken from the Defendant on October 15, 2019, were made by the same individual who had previously been removed from the United States on January 22, 2014.

Further review of the Defendant's Alien file revealed that the Defendant did not receive the consent of the Attorney General or his successor, the Secretary of Homeland Security, to apply for readmission to the United States.

**Discussion**

The crime of reentering the United States after removal or deportation, in violation of Title 8, United States Code, Sections 1326(a) and (b), has the following elements: (1) the defendant was an alien at the time alleged in the indictment; (2) The defendant had been removed or deported previously from the United States; (3) the defendant knowingly entered or was found in the United

States; and (4) the defendant had not received the consent of the proper legal authority to reapply for admission to the United States. 8 U.S.C. § 1326; 11th Cir. Pattern Jury Instruction O97 (2016). Documents contained in the Defendant's A-File, denominated as **A077 001 516**, are relevant to prove that the Defendant committed the charged offense.

      The United States anticipates introducing selected documents contained within the Defendant's A-File, which this author submits are admissible under the hearsay exceptions listed in Federal Rules of Evidence 803. The Eleventh Circuit has recognized that immigration or A-File documents may be properly admitted under the public records exception, Federal Rule of Evidence 803(8).  See, <u>United States v. Agustino-Hernandez</u>, 14 F.3d 42, 43 (11th Cir. 1994) (involving portions of Alien's A-File, including warrants of deportation, an order to show cause, and a Form I-194 indicating the alien had previously been warned of the penalties of reentry); <u>United States v. Caraballo</u>, 595 F.3d 1214, 1226 (11th Cir. 2010) (involving multiple I-213 Record of Deportable/Inadmissible Alien form completed by a Customs and Border agent after interviewing aliens); <u>United States v. Santos</u>, 2020WL102253 *10 (11th Cir. Jan. 9, 2020)("in light of our own precedent addressing other immigration forms kept in an alien's A-File ..., we conclude that Santos' annotated Form N-400 [naturalization] application falls within Rule 803(s)'s public records exception.").

**Conclusion**

**WHEREFORE**, for the reasons stated above, the United States respectfully requests that the Court issue a pre-trial Order ruling that documents contained in the Defendant's A-File are admissible as public records pursuant to Federal Rule of Evidence (803)(8).

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

/s/ *Robin W. Waugh*
ROBIN W. WAUGH
Assistant United States Attorney
Florida Bar #: 537837
500 South Australian Avenue, 4th Flr.
West Palm Beach, Florida 33401
Tel: (561) 820-8711
Fax: (561) 659-4526

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 15, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

*s/ Robin w. Waugh*
ROBIN W.WAUGH
ASSISTANT UNITED STATES ATTORNEY